
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50122 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00159-DMG-2 |
| v. | |
| EDGAR OMAR KELLER-CANAL, AKA OMAR KELLER-CANAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted June 2, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[***]

The district court did not err in denying Keller's motion for acquittal.

I.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that Keller was the third inmate involved in the attack. *See United States v. Grasso*, 724 F.3d 1077, 1085 (9th Cir. 2013); *United States v. Nevils*, 598 F.3d 1158, 1163-65 (9th Cir. 2010) (en banc). The witnesses' descriptions of Keller immediately after the incident generally matched the third inmate shown on the surveillance footage. The khaki shirt found in Keller's cell contained DNA exactly matching Officer Johnson's DNA. Surveillance footage and witness testimony showed the third inmate arrive from and retreat to the direction of Keller's cell. Lastly, witnesses agree that Keller was sweaty and non-responsive when approached in his cell soon after the altercation.

## II.

Viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that Keller assaulted a federal officer and inflicted bodily injury. *See* 18 U.S.C. §§ 2, 111; *Grasso*, 724 F.3d at 1085; *Nevils*, 598 F.3d at 1164. Johnson testified that during the altercation three inmates struck him multiple times with their fists, legs, and knees; as he was being attacked, he felt the inmates' shoes when they kicked him; and one of the inmates kicked him in the face with a shod foot.

Surveillance footage and witness testimony showed three inmates attacking Johnson in unison. Finally, medical evidence demonstrated that Johnson suffered various bodily injuries, including a partially torn rotator cuff. On this evidence, a rational jury could have concluded beyond a reasonable doubt that Keller assaulted Johnson and inflicted bodily injury.

**AFFIRMED**.